## COMMONWEALTH to the use of HAFFEY's Heirs *v.* HAFFEY et al.(*a*)

After judgment, *quod partitio fiat*, in the Common Pleas, in a suit which was erroneous by reason that the widow was a party, the inquest and return followed the directions of the act directing proceedings in the Orphans' Court. One of the heirs accepting at the valuation, entered into a recognisance to pay the interest on the widow's third to her for life, and the principal and residue of the valuation to the heirs, &c. The proceedings are not void, and the recognisance is valid. And judgment was entered for the penalty, with directions to pay the money into the court in which the action was brought, to be paid into the Orphans' Court to be distributed—the interest to the husband for life, and the principal invested for the children of the deceased heir.

On a special verdict, the court of error will enter the right judgment if that given below is erroneous.

Where land of a feme covert has been converted by proceedings in partition in the common law courts, resulting in an acceptance at a valuation, and she dies before the husband has recovered her share, secured by the recognisance, the court, as a Court of Equity, will preserve the rights of her heirs and husband to the money, giving them the same interests they would have had if the partition had been made in the Orphans' Court.

It seems that the addition of administrator to plaintiff's name may be treated as surplusage, where he is entitled in his own right.

In error from the District Court of Allegheny county.

*Sept.* 6. Thomas Haffey died intestate, seised of certain land, leaving a widow and four children. One of these children was married to Saville. One of the sons of the intestate brought an action of partition against *the widow* and the four other children. Judgment was confessed, writ of partition issued, commanding the inquest to set off one-third to the widow for life, and to divide the

---

(*a*) It would appear from the statements of the judge below, and counsel, that Saville, administrator, was the real plaintiff on the record; but that fact is not otherwise exhibited in the paper book.

remainder into five equal shares, and the widow's share into five equal shares, subject to her life-estate, if it could be done without prejudice to or spoiling the whole. The inquest returned the land divided into two parcels, with a valuation. One of the sons accepted one parcel, and, with a surety, entered into a recognisance, conditioned to pay the interest on the widow's third to her for life, and the residue among the heirs, according to their rights, and also the principal of the widow's third to them after her decease. Saville's wife dying, he took out letters of administration, and brought this action on the recognisance. The evidence was then turned into a special verdict, and the court, (GRIER, P. J.,) after remarking on *the originality* and confusion of the proceedings directed by statute for the Orphans' Court, with those directed by the Common Pleas, said that, though the action, by a joinder of the widow, was erroneous, it was not void, and the parties assenting thereto, the recognisance was valid. That the wife's share was not converted absolutely by proceeding in partition, unless received by the husband in her lifetime. That the styling the husband administrator of his wife might be treated as surplusage ; and judgment was therefore given for the penalty of the recognisance, with leave to Saville, the husband, to take out execution for the amount of interest due on his wife's share of the land at the institution of this suit.

The errors assigned were, the decision that Saville, administrator of his wife, was entitled to recover the amount of the recognisance, debt, and interest in this action. 2. That he could, *as administrator*, recover the interest, and that that addition was surplusage.

*T. Hamilton*, for plaintiff in error.—A husband has a right to administer on his wife's estate ; and where it is a chose in action, the husband must administer ; Whitaker *v.* Whitaker's Executors, 6 Johns. 112 ; McKennan *v.* Phillips, 6 Whart. 577 ; Stewart *v.* Stewart, 7 Johns. Ch. Ca. 229. A recognisance for the payment of a wife's share of an estate is personal property: Yohe *v.* Barnett, 1 Binn. 364 ; Lodge *v.* Hamilton, 2 Serg. & Rawle, 493 ; Jameson *v.* Brady, 6 Serg. & Rawle, 468 ; Ferree *v.* Commonwealth, 8 Serg. & Rawle, 312 ; Stoolfoos *v.* Jenkins, 8 Serg. & Rawle, 167 ; Dunlop's Digest, 477 ; Act 15th March, 1832, sec. 48 ; Beyer *v.* Reeson, 5 Watts & Serg. 501 ; Wither's Appeal, 14 Serg. & Rawle, 185 ; Biggert *v.* Biggert, 7 Watts, 563.

*Woods*, contrà, cited sec. 48 of act of 29th March, 1832, (Purd. (1841) p. 38;) sec. 2 of act of 1846, (Pamph. L. 427;) act 16th March, 1847, (Pamph. L. 474;) Commonwealth *v.* Ferree, 8 Serg. & Rawle, 312; Beyer *v.* Reeson, 5 Watts & Serg. 501.

*Sept.* 25. BURNSIDE, J.—The lucid opinion of the president of the District Court on the merits of this strange proceeding, demonstrates that the recognisance in this case is valid and binding. We fully concur in that opinion. As the case comes before us in the nature of a special verdict, we have a right to change or mould the judgment of the District Court into such form, as we think just to all the parties. In so doing, if authority was wanted, it will be found in the case of Bixler and Wife *v.* Kunkle and Another, executors of Kunkle, 17 Serg. & Rawle, 300. In that case, executors who were appointed by the will trustees to purchase land for the use of the testator's daughter, so that her husband should have no share of it, and in the meanwhile to pay her the interest, received the money and suffered the time to elapse, and then refused to perform the trust. The court gave judgment in an action of *indebitatus assumpsit* for the use of the daughter, for the sum due her, and ordered the money to be paid into the court below, to be laid out under the direction of the court in the purchase of land according to the last will and testament of her father. This equitable exercise of the powers of this court was prior to the act of the 16th June, 1836, (Dunlap, 282,) which extends the equity powers of all our courts, especially in cases of trusts. While we concur with the District Court on the merits of the case, and that the plaintiff has a right to receive, it is our duty, in a case like the present, to frame the judgment so as to do justice to all the parties. Thomas Haffey, jun., is in possession of the land; to continue the lien, revivals of the judgment might be necessary, which may put him to expense and inconvenience. The recovery of the interest annually may be inconvenient not only to the defendant, but to Noble, the bail, and attended with costs. Saville, as administrator of *his* wife, is, by the common law, entitled to receive; but the 51st section of the act of 1832, (Dunlap, 477,) directs that when a sum of money is awarded by the Orphans' Court for the share or portion to which a married woman may be entitled, such money shall not be paid to her husband until he shall have given security to the satisfaction of the court, that the amount thereof shall be paid, after his death, to her heirs. In the case before us, the husband is only entitled to the interest. We therefore direct the judgment for the

penalty to be affirmed; and further, that the amount due be recovered and paid into court; and the District Court directed to hand over the money so raised to the Orphans' Court, which will direct the interest to be paid to the husband, and the principal invested for the children of his late wife, on the death of their father.

Judgment accordingly.